# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-40952
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO BECERRA-FUENTES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-156-ALL

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Francisco Becerra-Fuentes (Becerra) pleaded guilty to illegal reentry after deportation and was sentenced to 70 months of imprisonment and three years of supervised release.

Becerra argues in his opening brief that the district court committed procedural error in imposing a within-guidelines sentence without providing reasons why it had rejected his nonfrivolous request for a downward variance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In a reply brief filed after this court's decision in *United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099), although Becerra continues to argue that the district court did not provide reasons, he concedes that he cannot show under a plain error standard of review that the error affected his substantial rights.

Becerra also concedes that this court has held that where, as in his case, the defendant fails to object in the district court, review should be for plain error. However, he asserts, for purposes of preserving the issue for further review, that review should be for abuse of discretion. As Becerra concedes, because he did not object concerning this issue at sentencing, it is reviewed for plain error. *See Mondragon-Santiago*, 564 F.3d at 361.

To show plain error, Becerra must show an error that is clear or obvious and that affects his substantial rights. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). This court will correct such an error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Regardless whether the district court's explanation was insufficient, and therefore constituted a clear or obvious error, Becerra concedes that he cannot show that an explanation would have changed his within-guidelines sentence and therefore that he cannot show that his substantial rights were affected. Accordingly, he has not shown any reversible plain error by the district court. *See Mondragon-Santiago*, 564 F.3d at 364-65; *Baker*, 538 F.3d at 332.

AFFIRMED.